IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT J. KETTLER,

    Plaintiff,

                                        CASE NO.:

-vs-

                                        **JURY TRIAL DEMANDED**

JPMORGAN CHASE & CO.,

    Defendant.

_____/

### COMPLAINT

      The Plaintiff, ROBERT J. KETTLER, sues the Defendant, JPMORGAN CHASE & CO., and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

      1.      Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant JPMORGAN CHASE & CO., (hereafter "CHASE'), in violation of 47 U.S.C. § 227, *et seq*., the Telephone Consumer Protection Act of 1991 (hereafter "TCPA")and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA") and pursuant to the Florida "Adult Protective Services Act," Fla. Stat. § 415.101, et. seq., arising out of Defendant's abuse and exploitation of the Plaintiff in violation of Fla. Stat. § 415.1111.

      2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related state law claims.

3.      The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

4.      Plaintiff, ROBERT J. KETTLER, is and was at all material times a natural person over the age of sixty (60), who resides in Apollo Beach, Hillsborough County, Florida.

5.      Plaintiff ROBERT J. KETTLER is the "called party" with respect to the calls placed to his cellular telephone number, (810) 252-0110, as further described herein. See See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934, (11th Cir.2014).

6.      At all times material hereto, Defendant CHASE was and is a foreign profit corporation authorized to conduct business and conducting business in the state of Florida, through is Registered Agent, C.T. Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

## FACTUAL ALLEGATIONS

7.      At all times material hereto, Defendant CHASE sought to collect an alleged debt from Plaintiff ROBERT J. KETTLER that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes.

2

8.      In or about 2012, Defendant CHASE began initiating calls to Plaintiff's above-referenced cellular telephone number, in an effort to collect certain mortgage loan debts allegedly owed by Plaintiff.

9.      Plaintiff informed Defendant CHASE on numerous occasions, both verbally and in writing, that he had 80% hearing loss, that it is nearly impossible for him to hear on his cellular telephone, and demanding that Defendant cease placing calls to his aforementioned cellular telephone with respect to all of Plaintiff's accounts that were serviced by Defendant CHASE. Copies of two of such letters are attached hereto as Exhibits "A" and "B," respectively.

10.     Plaintiff at one point called Defendant CHASE from his home telephone, which is equipped with hearing assistance technology, to complain about the barrage of harassing calls from Defendant, and Defendant's representative on the other end rudely stated "call when you can hear better" and hung up.

11.     Thereafter, despite Plaintiff's unambiguous verbal and written requests to stop calling, Defendant CHASE nevertheless continued to place calls to Plaintiff's aforementioned cellular telephone number on numerous occasions in an effort to collect the above described alleged debt(s), disregarding Plaintiff's instructions to cease placing such calls.

12.     Defendant CHASE intentionally harassed and abused the Plaintiff on numerous occasions by and through its agents and representatives, including but not limited to calling several times in one day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

13.     To date, Defendant CHASE has placed approximately five hundred (500) calls to Plaintiff on his aforementioned cellular telephone number.

14.     The telephone calls at issue were placed by Defendant CHASE using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

15.     That Defendant CHASE used an "automatic telephone dialing system" is evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a brief period of unnatural silence after completing their greeting, and/or an audible click/beep prior to a live representative joining the line. These are telltale signs of a predictive dialer and an automated telephone dialing system

16.     Defendant CHASE initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

17.     Additionally, Defendant CHASE initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" that Defendant mistakenly believed it had.

18.     Furthermore, none of the telephone calls at issue were placed by Defendant CHASE to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

19.     Defendant CHASE consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates,

subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

20.     Defendant CHASE has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

21.     Defendant CHASE willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

22.     Despite actual knowledge of its wrongdoing, Defendant CHASE continued the campaign of harassment and abuse.

23.     Defendant CHASE'S corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals requests to stop calling.

24.     Defendant CHASE'S corporate policy provided no means for the Plaintiff to have his number removed from the call list.

25.     Defendant CHASE followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

26.     Defendant CHASE has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

27.     Defendant CHASE has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

**COUNT I**

**VIOLATION OF THE TCPA AGAINST CHASE**

28.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (27), as if fully set forth herein.

29.     None of the calls at issue were placed by Defendant CHASE to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

30.     Furthermore, Plaintiff revoked any "prior express consent" Defendant CHASE had or mistakenly believed it had by:

a.      Sending written letter(s) to Defendant CHASE, specifically demanding that all further direct communication with Plaintiff in relation to the subject mortgage loan debt(s) immediately cease and desist; and

b.      Verbally requesting that Defendant stop placing calls to his aforementioned cellular telephone number on numerous occasions.

31.     Additionally, none of the calls at issue were placed by Defendant CHASE to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

32.     Defendant CHASE willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to discontinue calling Plaintiff, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

33.     The TCPA provides Plaintiff with a private right of action against Defendant CHASE for its violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant CHASE for statutory damages, actual damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II
## <u>VIOLATION OF THE FCCPA AGAINST CHASE</u>

34.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (27), as if fully set forth herein.

35.     At all times material to this action Defendant CHASE was and is subject to and must abide by the laws of Florida, including section 559.72, Florida Statutes.

36.     Defendant CHASE engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

37.     Defendant CHASE engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

38.     The actions of Defendant CHASE have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of

emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorneys' fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant CHASE for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT I:  STATUTORY CLAIM FOR INTENTIONAL ABUSE

39.    Plaintiff re-alleges and incorporate by reference paragraphs (1) through (27) as if fully set forth herein, and further allege as follows:

40.    This is an action for damages pursuant to the Florida "Adult Protective Services Act," Fla. Stat. § 415.101, et. seq., arising out of Defendant's abuse and exploitation of the Plaintiff in violation of Fla. Stat. § 415.1111.

41.    Fla. Stat. § 415.1111 provides as follows, in pertinent:

> Civil actions.—A vulnerable adult who has been abused, neglected, or exploited as specified in this chapter has a cause of action against any perpetrator and may recover actual and punitive damages for such abuse, neglect, or exploitation. The action may be brought by the vulnerable adult, or that person's guardian, by a person or organization acting on behalf of the vulnerable adult with the consent of that person or that person's guardian, or by the personal representative of the estate of a deceased victim without regard to whether the cause of death resulted from the abuse, neglect, or exploitation. The action may be brought in any court of competent jurisdiction to enforce such action and to recover actual and punitive damages for any deprivation of or infringement on the rights of a vulnerable adult. A party who prevails in any such action may be entitled to recover reasonable attorney's fees, costs of the action, and damages. The remedies provided in this section are in addition to and cumulative with other legal and administrative remedies available to a vulnerable adult….

42.    Pursuant to Fla. Stat. § 415.102(6), "deception" is defined as:

8

> a misrepresentation or concealment of a material fact relating to services rendered, disposition of property, or the use of property intended to benefit a vulnerable adult.

43. Pursuant to Fla. Stat. § 415.102(8)(a)(1), "exploitation" occurs where, among other things

> a person who . . . stands in a position of trust and confidence with a vulnerable adult and knowingly, by deception or intimidation, obtains or uses, or endeavors to obtain or use, a vulnerable adult's funds, assets, or property with the intent to temporarily or permanently deprive a vulnerable adult of the use, benefit, or possession of the funds, assets, or property for the benefit of someone other than the vulnerable adult."

44. Pursuant to Fla. Stat. § 415.102(28), a "vulnerable adult" is defined as:

> a person 18 years of age or older whose ability to perform the normal activities of daily living or to provide for his or her own care or protection is impaired due to a mental, emotional, sensory, long-term physical, or developmental disability or dysfunction, or brain damage, or the infirmities of aging.

45. At all times material hereto, Mr. Kettler was and is a vulnerable adult as defined by Fla. Stat. § 415.102(28), by virtue of his age, deafness and related infirmities at the outset of the event as described above.

46. Defendant's conduct with respect to Mr. Kettler as described herein constitutes exploitation of Mr. Kettler pursuant to Fla. Stat. § 415.102(8)(a)(1).

47. As a result of the circumstances, events, and conditions alleged above, Defendant is liable to the Plaintiff for the civil remedies available under Fla. Stat. § 415.1111. Defendant exploited Mr. Kettler as a vulnerable adult by deluging the Plaintiff with telephone calls from numerous individuals knowing full well that Mr. Kettler was hearing impaired, causing confusion and chaos by not appointing one single point of contact with respect to Plaintiff's mortgage accounts, forcing the Plaintiff to repeat himself to numerous individuals with great

difficulty due to his hearing impairment, causing Plaintiff to endure difficulty determining the status of his accounts and resulting in said accounts becoming delinquent, and jeopardizing Plaintiff's ownership of the properties securing the mortgage loan debts at issue.

WHEREFORE, Plaintiff demands judgment against Defendant, CHASE, pursuant to Fla. Stat. § 415.1111 for compensatory damages, actual damages, punitive damages, attorneys' fees, costs, interest and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
D.Mitchell@maneygordon.com
V.Marrero@maneygordon.com
Counsel for Plaintiff

DEAR SIR

I HAVE TRIED TO CALL THE NUMBER MORE THAN ONCE CAN'T GET THROUGH

I WANT THE "DO NOT CALL" TO INCLUDE THE FOLLOWING ACCOUNTS

Acct # 0662768217       10205 OAK Rd
0662768076              8310 MAIN St
066 276 8043            265 OAK St
066 276 8050            614 CHERRP St
066 276 7532            2925 WYOMING
066 2768167             2932 WYOMING S
066 276 8134            3021 WYOMING St
0700769789              402 STATE RD
1915252618              1000 APOLLO Bch B4

THIS IS A QUALIFIED WRITTEN REQUEST

THANK YOU

Robert Kettler
1000 APOLLO Bch BLVD
#204
APOLLO Bch FL 33572

EXHIBIT "A"

Tabitha                                    August 1, 2012

I have had enough. You said I would not be getting harassed any more by Chase and I would not be receiving all the letters and calls. Well! That is far from the truth. I sent you a fax yesterday with my complaints of 31 letters within 2 days and with the calls I have been receiving.  I left home for 2 hours today and came home with three more calls today.

I got a call yesterday from a Steve (Amako) not sure of the spelling because of the accent. He called from 877-496-9032 extension 3233360. I tried to call him twice yesterday and again today when he left a message. The message asked for the extension and after putting it in it went back to main menu. This happened 3 times before I hung up. Today was the same thing sending me back to main menu.

The yesterday and today I got a call from a Fredrick Denea at 810-848-9380 who said he was from Chase and I could not understand him so I told him he needed to contact you and left your number.

Then today I got two more calls from people who want to get in the home for an evaluation and take photos. I spoke to one and left a message with the other. They said, they did not represent Chase but another company and wanted to evaluate the home. The homes they wanted to take photos of are as follows:

<u>Tom Lloyd of 810-577-7998 for 2932 Wyoming Ave in Flint MI</u>

<u>Not sure of the name (maybe Adam) 810-625-0865 for 265 Oak St. Montrose.</u>
This is the same home where they tried to auction twice in the past 18 months, where they said I over paid, and where I have a letter from our renter who said they offered her $1,000 to move out.

I assume they already went to the home and found they now need my permission which I refuse to give out.

I can not keep people in my homes with this kind of thing going on. They are not only loosing confidence in me but starting to feel unsecure as to where they stand with their home.

Robert Kettler

EXHIBIT "B"